**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>**LENA BRANDS LLC** *et al.*,[1]<br><br>        Debtors. | Chapter 11<br><br>Case No. 26-10792 (TMH)<br>(Jointly Administered)<br><br>**Re: D.I. No. 3** |
| In re:<br><br>**LENA HOLDINGS LLC, LENA BRANDS LLC,** and **LENA REAL ESTATE HOLDINGS LLC**,<br><br>        Plaintiffs,<br><br>v.<br><br>**STRIPE, INC., FOX FUNDING GROUP LLC, SQ ADVANCE LLC, LIBERTAS FUNDING LLC,** and **PARTNER FUNDING MD LLC D/B/A SMART BUSINESS FUNDER AND SBF/PARTNERS**,<br><br>        Defendants. | Adversary Case No. 26-50368 (TMH) |

**ORDER (I) COMPELLING TURNOVER OF ESTATE PROPERTY AND**
**(II) GRANTING RELATED RELIEF**

Upon the motion (the "**Motion**") of the above-captioned debtors and debtors-in-possession

(the "**Debtors**") for entry of an order under Bankruptcy Rule 7065 (incorporating Fed. R. Civ. P.

65), 11 U.S.C. §§ 105(a) and 542(a), Bankruptcy Rules 7001, 7004, 7065, and 9014, and Local

Rules 7026-1 and 9006-1, providing the following relief: (a) temporarily restraining the continued

---

[1]    The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal employer identification number, are: Lena Holdings LLC (6569); Lena Brands LLC (3815); and Lena Real Estate Holdings LLC (1167). The Debtors' mailing address is 13745 Omega Road, Dallas, Texas 75244.

diversion of estate receivables by Stripe, Inc. ("**Stripe**") pending a hearing on the order to show cause; (b) directing Stripe to release and remit to the Debtors all funds held in the accounts maintained by Stripe through which DoorDash and GrubHub remit delivery order revenues to the Debtors' restaurant locations (the "**Stripe Connected Accounts**"), whether arising before or after May 15, 2026 (the "**Petition Date**"), and whether currently held or hereafter received (the "**Stripe Funds**"); (c) directing Fox Funding Group LLC ("**Fox Funding**")—and Partner Funding MD LLC d/b/a Smart Business Funder and SBF/Partners ("**SBF/Partners**") and SQ Advance LLC ("**SQ Advance**") to the extent the SBF Release or the SQ Release (defined below), respectively, are not received and accepted by Stripe as sufficient to release the Stripe Funds to the Debtors—to show cause why the Stripe Funds should not be released pending adjudication of the adversary proceeding filed with this Motion; (d) directing Fox Funding—and SBF/Partners or SQ Advance, to the extent the SBF Release or SQ Release, respectively, are not received and accepted by Stripe as sufficient to release the Stripe Funds to the Debtors—to withdraw their lien notices with Stripe; (e) in the alternative, entering a preliminary injunction granting the same relief after a hearing within fourteen days; and (f) granting such other relief as the Court deems just and proper; and the Court having reviewed the Motion, the *Declaration of Samuel Nicholas Borgese in Support of the Debtors' Chapter 11 Petitions and First Day Motions* (the "**First Day Declaration**"), the *Declaration of Samuel Nicholas Borgese in Support of Debtors' Emergency Motion for Turnover of Stripe Receivables and Preliminary Injunctive Relief* (the "**Turnover Declaration**"), and the Verified Complaint (the "**Complaint**"), and the entire record of these cases; and the Court finding that (a) it has jurisdiction to consider the Motion under 28 U.S.C. §§ 157 and 1334, (b) the Motion is a core proceeding under 28 U.S.C. § 157(b)(2), (c) venue is proper under 28 U.S.C. §§ 1408 and 1409, (d) notice of the Motion was given as set forth in the Motion, (e) the Debtors have

demonstrated a reasonable probability of success on the merits of the adversary proceeding, (f) the Debtors will suffer immediate and irreparable harm absent the relief granted in this Order, (g) the balance of hardships tips decisively in favor of the Debtors and the estates, (h) the public interest favors the relief granted in this Order, (i) the relief granted in this Order satisfies the requirements for injunctive relief under Bankruptcy Rule 7065 (incorporating Fed. R. Civ. P. 65), (j) as established by the First Day Declaration, the Turnover Declaration, and the record before the Court, Stripe is in possession of the Stripe Funds, the Stripe Funds may be used by the Debtors under 11 U.S.C. § 363, and the Stripe Funds are not of inconsequential value or benefit to the estates, (k) the Debtors' books and records reflect that, as of the Petition Date, approximately $692,537 in prepetition receivables was processed through the Stripe Connected Accounts, and since the Petition Date, approximately $30,000 per week in postpetition receivables has accumulated in the Stripe Connected Accounts, and the Debtors have demonstrated sufficient grounds for turnover, and (g) Libertas Funding LLC supports the relief requested in the Motion and consents to turnover of the Stripe Funds subject to cash collateral treatment and adequate protection as set forth in this Order, (h) Fox Funding Group LLC ("**Fox Funding**") has agreed to support the relief requested in the Motion while the parties pursue approval of a settlement providing for payment of $20,000 from the Stripe Funds to Fox Funding and a mutual general release of all claims between Fox Funding and the Debtors and their respective affiliates, (i) Partner Funding MD LLC d/b/a Smart Business Funder and SBF/Partners ("**SBF/Partners**") has delivered a written withdrawal of its lien notice to Stripe postpetition and does not oppose the relief requested in the Motion, (j) SQ Advance LLC ("**SQ Advance**") has delivered a written release and withdrawal of its lien notice to Stripe and does not oppose the relief requested in the Motion (the "**SQ Release**"), (k) Stripe has appeared and does not oppose the relief requested in the Motion;

and after due deliberation and good cause appearing,

**IT IS HEREBY ORDERED THAT**:

1.      The Motion is **GRANTED** as set forth in this Order.

2.      **Turnover of Stripe Funds.** Within twenty-four (24) hours of service of this Order on Stripe, to the extent not already done, Stripe must (a) remove all holds, freezes, and other restrictions from the Debtors' Stripe Connected Accounts, (b) release and remit to the Debtors all funds held on account of the Debtors' DoorDash and GrubHub delivery revenues, whether arising before or after May 15, 2026, and whether currently held or hereafter received, to the Debtors' linked bank accounts associated with such Debtors' Stripe Connected Accounts, as designated by the Debtors in writing, (c) honor all ordinary course instructions, payment orders, or other directives from the Debtors with respect to any Stripe Connected Account, and (d) reject, refuse, and not act upon any instruction related to a Stripe Connected Account that is issued by any person other than the Debtors, other than as required by law or order of the Court. Nothing in this Order prevents Stripe from deducting its ordinary and customary transaction processing fees in the same manner as applied before the imposition of the lien notices. Stripe may not deduct any fee, charge, or holdback attributable to any lien notice or related to this adversary proceeding.

3.      **Delivery of Transaction Records.** Within five business days after service of this Order, Stripe must provide to the Debtors, for each of the Debtors' Stripe Connected Accounts, a written statement covering the period from **October 16, 2025 through the date of production**, setting forth: (a) the **total** amount received into the account from DoorDash and GrubHub (net of any platform-level deductions applied before remittance to Stripe); (b) the **total** amount disbursed from the account to the Debtors' linked bank accounts; (c) the **total** amount remitted to any third party, including Fox Funding, SBF/Partners, SQ Advance, **Libertas**, or any other merchant cash advance funder or their agents; (d) any reserves, holdbacks, or fees applied by Stripe; and (e) the

current balance as of the date of production.

4. **Prospective Disbursement.** Stripe must resume normal disbursement of all postpetition receivables to the Debtors on a go-forward basis. All such disbursements remain subject to the terms of any Cash Collateral Order entered in the main case.

5. **Withdrawal of Lien Notices.** Stripe is directed to disregard and treat as withdrawn any and all lien notices previously delivered by Fox Funding, SQ Advance, SBF/Partners, or Libertas in connection with the Debtors' accounts, and Stripe shall not withhold, freeze, or delay disbursement of any funds on the basis of such notices.

6. **Cooperation.** Stripe must cooperate in good faith with the Debtors to ensure an orderly transition of control of the Stripe Funds and Stripe Connected Accounts. Stripe must immediately direct its employees, agents, and information-technology vendors to cooperate fully with the Debtors.

7. **Automatic Stay.** The Court confirms that the automatic stay under 11 U.S.C. § 362(a) is in full force and effect as to all parties. The Debtors contend that the continued maintenance of lien notices with Stripe constitutes a violation of the automatic stay under § 362(a)(3) and § 362(a)(6); that issue is preserved for adjudication in the adversary proceeding. Nothing in this Order may be construed as a final determination of whether any party has violated the automatic stay.

8. **Adequate Protection.** To ensure no prejudice during the pendency of the adversary proceeding: (a) Libertas Funding LLC will retain its first-priority lien on all released funds, and nothing in this Order diminishes, impairs, or alters the extent, validity, or priority of Libertas's blanket security interest; (b) the Debtors will grant replacement liens attaching to postpetition receivables to the extent, if any, that any MCA funder's interest junior to Libertas is ultimately

adjudicated as valid and perfected, but such replacement liens attach only to receivables that are free and clear of US Foods' asserted security interests or to which US Foods has consented; and (c) the Debtors: (i) must deposit the Stripe Funds into a segregated debtor-in-possession account (the "**Segregated Stripe Account**") within twenty-four (24) hours of receipt; and (ii) may not utilize the Stripe Funds except under a further Order of this Court authorizing their use under 11 U.S.C. §§ 361 and 363(c)(2).

9.      **Fox Settlement Reserve.** Notwithstanding any other provision of this Order, the Debtors shall segregate $20,000 from the Stripe Funds in a separate DIP sub-account (the "**Fox Settlement Reserve**") pending entry of a separate order approving the settlement between the Debtors and Fox Funding Group LLC pursuant to Fed. R. Bankr. P. 9019. The Fox Settlement Reserve shall not be disbursed to Fox Funding or used for any other purpose without further order of the Court.

10.     **Reservation of Rights.** Nothing in this Order may be construed as: (a) an admission as to the validity, priority, or amount of any claim; (b) a waiver of any party-in-interest's right to dispute any claim on any grounds; (c) a promise to pay any prepetition claim; (d) an admission that any claim is of a type specified in this Motion; (e) authorization to assume or reject any agreement under § 365; or (f) a waiver of any rights under the Bankruptcy Code or applicable law. The Debtors reserve all rights to object to any claims asserted by Fox Funding, SBF/Partners, or SQ Advance on any grounds—including perfection, priority, recharacterization, usury, and avoidability—and to bring affirmative claims for avoidance under §§ 544, 547, 548, and 550.

11.     **Reservation of Jurisdiction.** The Court retains jurisdiction to interpret, implement, and enforce this Order, and to adjudicate any disputes arising from or related to this Order. This Order is binding upon all parties who (a) appeared at the hearing on the Motion, (b) affirmatively

consented to the relief requested, or (c) received actual notice of the Motion and an opportunity to be heard.

12.     **Binding Effect.** This Order binds Stripe, Libertas, Fox Funding, SBF/Partners, SQ Advance, their officers, directors, employees, agents, successors, assigns, and any other person or entity acting in concert or participation with them to the same extent that it binds Stripe, Libertas, Fox Funding, SBF/Partners, and SQ Advance.

13.     **Noncompliance.** The willful failure by Stripe, Fox Funding, SQ Advance, or SBF/Partners to comply with any directive in this Order may—after notice and an opportunity to be heard—result in sanctions, including civil contempt or monetary penalties. The Debtors may seek enforcement of this Order by motion on shortened notice under Local Rule 9006-1(e).

14.     **Bond Waived.** Under Fed. R. Civ. P. 65(c), made applicable by Bankruptcy Rule 7065, the Court finds that no bond is required. The adequate protection provisions set forth in this Order provide sufficient security to protect any party that may later be found to have been wrongfully enjoined or restrained.

15.     **Waiver of Stay.** The fourteen (14) day stay under Fed. R. Bankr. P. 7062 (incorporating Fed. R. Civ. P. 62) is waived, and this Order shall be effective immediately upon entry.

16.     **Service.** The Debtors must serve this Order on the Notice Parties (as defined in the Motion) by overnight mail, with courtesy copies by electronic mail, within twenty-four (24) hours of entry at the addresses set forth in Section XIII of the Motion or as otherwise designated by the Notice Parties.

Dated:  June 5, 2026

BRENDAN LINEHAN SHANNON
UNITED STATES BANKRUPTCY JUDGE